## AFFIDAVIT OF SPECIAL AGENT LISA A. RUDNICKI

I, Lisa A. Rudnicki, having been duly sworn, hereby depose and state as follows:

1. I am a Special Agent with the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed for over 9 years. As a Special Agent, my duties include the investigation of various federal firearms violations, including illegal possession, sale and trafficking of firearms and/or ammunition. I have been assigned to the Boston Field Division of ATF since September of 2002.

2. I make this affidavit in support of a criminal complaint charging Reylando REYES, a/k/a Reylando RISE, a/k/a Raynaldo RISE, a/k/a Ray RISE, a/k/a Raylando RISE ("REYES"), DOB: -/-/1969, with a violation of 18 U.S.C. § 922(g)(1), as a previously convicted felon in possession of ammunition.

3. As an ATF Special Agent, I am aware that it is a violation of Title 18 U.S.C. § 922(g)(1) for a person who has previously been convicted of a crime punishable by imprisonment for a term exceeding one year to knowingly possess a firearm or ammunition in or affecting commerce.

4. The facts stated herein are based upon my own personal involvement in this investigation and my discussion

with other law enforcement officers, including members of the Boston Police Department, involved in this investigation. In submitting this affidavit, however, I have not included each and every fact known to me about the investigation, but only those facts which I believe are sufficient to establish the requisite probable cause.

5.  On February 27, 2005, at approximately 2:30 p.m., Boston Police Officers Timothy Laham and Dennis Cogavin, while on routine patrol in the area of Harvard Street and Bernard Street in Dorchester, MA, observed REYES sitting inside on the driver's side of a parked tan colored Ford Taurus, Florida registration W88GVD. REYES, is an individual known to these officers from both prior incidents and from information received from fellow officers. Upon seeing REYES, Officers Laham and Cogavin ran a query of REYES's license status and confirmed that REYES's license had been revoked.

6.  Officers Laham and Cogavin observed REYES start the motor of the Ford Taurus and proceed to operate the vehicle down Bernard Street to Talbot Avenue. The officers conducted a motor vehicle stop of the Ford Taurus in the area of Talbot Avenue and Colonial Avenue. When Officer Cogavin asked REYES for his license and registration, REYES responded, "I don't have a license. It is suspended." When

asked if he had any contraband on his person, REYES advised the officers that he had a "bag of weed" on him. Officer Cogavin performed a search of REYES and located one 9mm bullet in the front left pocket of REYES's jeans. Officer Cogavin placed REYES in handcuffs upon locating the live round of ammunition. Upon further search of REYES, a bag of leafy green substance indicative of marijuana and two bags of a yellow rock like substance indicative of crack cocaine were found in REYES's left front pocket of his sweatpants which REYES wore beneath his jeans. Officer Cogavin also recovered a small black and white composition notebook containing names with corresponding dollar amounts and telephone numbers contained inside a pocket of the left arm of REYES's jacket. A handcuff key was also found inside REYES's wallet. REYES was also in possession of $548.00 in U.S. Currency at the time of his arrest.

7.   When Officer Cogavin informed REYES that he would be charged with unlawful possession of the ammunition, REYES replied, "I just found that in front of my house. I forgot about it."

8.   The recovered round of live ammunition is a 9mm bullet bearing the headstamp of "WIN 9mm Luger." According to ATF Special Agent Phillip Ball who has been trained to be an interstate nexus expert, the round of ammunition was not

manufactured in the State of Massachusetts. Therefore, the ammunition possessed by REYES affected interstate commerce.

9. I have had an opportunity to examine REYES's criminal history as maintained by the Massachusetts Criminal History Board, which, among other felony convictions, reveals that prior to February 27, 2005, REYES had been convicted of a crime punishable by a term of imprisonment exceeding one year; specifically, REYES was convicted of Distribution of Class B Narcotics in a School Zone in 1996, in Suffolk County Superior Court.

10. Based on the foregoing, I have probable cause to believe that, on February 27, 2005, Reylando REYES, a/k/a Reylando RISE, a/k/a Raynaldo RISE, a/k/a Ray RISE, a/k/a Raylando RISE, having been previously convicted of a crime punishable by a term of imprisonment exceeding one year, did possess, in and affecting commerce, ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

Lisa A. Rudnicki
Special Agent
Bureau of Alcohol, Tobacco,
Firearms & Explosives

Sworn and subscribed to before me this 25th day of April, 2005.

JOYCE LONDON ALEXANDER
United States Magistrate Judge